■ Family M. Foundation Ltd., Respondent, v Ninotchka Manus, Appellant, et al., Defendant. [899 NYS2d 154]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered March 20, 2009, which, in an action to recover a loan, denied defendant-appellant's motion for relief from a prior order, same court and Justice, entered July 1, 2004, which had, inter alia, granted plaintiff's motion to enforce a stipulation of settlement, unanimously affirmed, with costs.

As the motion court had already explained in granting plaintiff's motion to enforce the stipulation of settlement, the action is properly maintained by plaintiff corporation under the authority of its president and sole director, Elizabeth (Libby) Manus, and it is "inconsequential" whether she is the owner of all of plaintiff's shares, as she represented on plaintiff's motion to enforce the stipulation, or one third of its shares, as defendant claimed in opposing such motion, or none of its shares, as

defendant presently claims on the basis of purportedly new evidence. A corporation's president has presumptive authority to act on behalf of the corporation, including the authority to prosecute and defend lawsuits (see West View Hills v Lizau Realty Corp., 6 NY2d 344 [1959]; Executive Leasing Co. v Leder, 191 AD2d 199, 200 [1993]). This is not a case where one 50% shareholder seeks to assert a claim on behalf of the corporation against another 50% shareholder who possesses an equal degree of control, or where the president is acting in contravention of a board of director's vote (see e.g. Executive Leasing). Defendant's new claims that the corporation was dissolved by operation of the laws of the Cayman Islands, and that Libby's status as plaintiff's president has never been conceded and is fairly disputable, are either untimely raised (see CPLR 2221 [e] [3]), speculative, based on hearsay, or otherwise insufficiently substantiated to warrant relief from the July 1, 2004 order. Concur—Mazzarelli, J.P., Sweeny, Nardelli, Acosta and Manzanet-Daniels, JJ.