■ WILLIAM FERNANDEZ et al., Respondents, v RICHARD HENCKE, Appellant. [941 NYS2d 36]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 7, 2011, after a nonjury trial, awarding the principal amount of $80,064.54 to plaintiff El Viajero Corp., unanimously affirmed, with costs.

Defendant Richard Hencke, plaintiff William Fernandez, and a third person not a party to this action formed plaintiff corporation for the purpose of opening a restaurant. During the construction phase of the restaurant, Fernandez permitted defendant to draw advances from the corporation's account against "future profits and salaries." The restaurant never opened and its assets were sold for $200,000.

After the failed joint venture, Fernandez, who had funded the corporation, and the corporation commenced this action against defendant, seeking to recover the advances defendant had drawn, totaling $80,064.54. Neither Fernandez nor the other individual, both of whom were equal shareholders with defendant, had gained any profits from the failed venture or taken any salary from the corporation.

Defendant's argument that the corporation could not properly bring a lawsuit against him because there was no corporate resolution authorizing such an action has been waived since it is an affirmative defense that defendant did not raise until after the trial (see CPLR 3018 [b]). In any event, it lacks merit. Where there is no direct prohibition by the board, the president of a corporation has presumptive authority, in the discharge of his duties, to defend and prosecute suits in the name of the corporation (*Rothman & Schneider v Beckerman*, 2 NY2d 493, 497 [1957]; *Family M. Found. Ltd. v Manus*, 71 AD3d 598 [2010], *lv dismissed* 15 NY3d 819 [2010]).

The evidence establishes that both parties intended the advances to be repaid when the restaurant opened, and thus the trial court properly concluded that the advances were loans (see *People v Grasso*, 13 Misc 3d 1227[A], 2006 NY Slip Op 52019[U], *20-21 [2006], *mod on other grounds* 54 AD3d 180 [2008]). Although the terms of the repayment are unclear since the agreement was not in writing and neither party anticipated that the restaurant would fail when they entered into the agreement, the evidence supports a finding that the earning of "future salaries and profits" was not intended to be a condition precedent to repayment but was an assumption upon which the agreement was based. As the trial court found, defendant, as a shareholder, is entitled to an accounting once the funds are repaid.

We have reviewed defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Acosta, Freedman and Abdus-Salaam, JJ.