■ NINOTCHKA J. MANUS, Appellant, v LEONARD N. FLAMM, Respondent. [975 NYS2d 39]—

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about June 8, 2012, which, upon reargument,

granted defendant's motion for summary judgment dismissing the first, second, and third causes of action, unanimously affirmed, without costs.

The complaint alleges that defendant committed legal malpractice while representing plaintiff in a replevin action brought against her in October 1998 by nonparty Family M. Foundation, Ltd., a Cayman Islands corporation formed by the late Allen Manus, plaintiff's former husband.

The first cause of action, which alleges that defendant was negligent in failing to assert certain defenses or move to dismiss the complaint in the replevin action, is belied by the seventh and eighth affirmative defenses, which assert that the loan agreement imposed no personal liability on plaintiff.

The second cause of action alleges that plaintiff "felt compelled" to sign the stipulation of settlement in the replevin action, which converted a $1,000,000 obligation from the corporation to her into a $400,000 obligation from her to the corporation. However, plaintiff's obligation arose in the context of the loan agreement she executed, not the stipulation of settlement. The stipulation did not impose personal liability on plaintiff for the debt created under the loan agreement; it merely directed that her shares in her cooperative apartment be substituted for her jewelry as collateral for the loan.

The third cause of action alleges that, but for defendant's insistence that the corporation's president and sole director, Elizabeth (Libby) Manus, had to execute the corporation's release of plaintiff's obligations to it and that Allen Manus's execution of the release would not be sufficient, Allen Manus would have signed the release and plaintiff would have been free of her obligations under the stipulation. However, this Court has found that the action by the corporation to enforce the stipulation upon plaintiff's default was properly maintained under Libby Manus's authority (see Family M. Found. Ltd. v Manus, 71 AD3d 598 [1st Dept 2010], lv dismissed 15 NY3d 819 [2010]). Even assuming that Allen Manus, who held a power of attorney for the corporation, was authorized to release plaintiff's obligations to the corporation, Libby Manus's refusal to sign the release would have revoked his authority (see Zaubler v Picone, 100 AD2d 620, 621 [2d Dept 1984]). Concur—Andrias, J.P., Friedman, Richter, Manzanet-Daniels and Feinman, JJ.