**Valentini v 326 E. 30th St. Owners, Inc.**

2025 NY Slip Op 32894(U)

August 20, 2025

Supreme Court, New York County

Docket Number: Index No. 103711/2010

Judge: Gerald Lebovits

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. GERALD LEBOVITS** | **PART** | **07** |
| | *Justice* | | |

--------------------------------------------------------------------------------X

KIM VALENTINI,

                        Plaintiff,

               - v -

326 EAST 30TH STREET OWNERS, INC., THE BOARD OF
DIRECTORS OF 326 EAST 30TH STREET OWNERS INC.,
TAV CLAVIN, TOM BIRNE, CLAUDIA WHITEHEAD,
CAROL WINER, and SUSAN CLAVIN,

                      Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 103711/2010 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 015 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 015) 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334

were read on this motion for                        MISCELLANEOUS              .

*Mandel Bhandari LLP*, New York, NY (Robert Glunt of counsel), for plaintiff.
*Herrick Feinstein LLP*, New York, NY (Andrew J. Wagner and Devin W. Ness of counsel), for defendant 326 East 30th Street Owners, Inc.

Gerald Lebovits, J.:

      Plaintiff, Kim Valentini, leased an apartment from defendant 326 East 30th Street Owners, Inc., a cooperative corporation. Plaintiff then discovered leaks in her apartment from the building's roof. Plaintiff asked 326 East to repair the roof, but it refused.

      In 2010, plaintiff brought this action against the 326 East for failing to replace or maintain the roof. In 2017, the parties entered into a settlement agreement in which 326 East agreed to replace the roof. (NYSCEF No. 238 at 16 [oral argument transcript on mot seq 012; *see* NYSCEF No. 296 at ¶ 10 [settlement agreement].) 326 East replaced the roof but did not complete all the associated work. (NYSCEF No. 238 at 16.)

      In 2018, plaintiff moved to enforce the settlement agreement. (NYSCEF No. 165 at 2 [notice of motion on mot seq 010].) This court granted the motion. (*See* NYSCEF No. 186 [handwritten order].) In that decision, the court ordered a hearing before a special referee to "ascertain whether the settlement agreement of 5/19/17 was breached and, if so, what damages, if any, defendants owe plaintiff." (*Id.*) In August 2020, the special referee concluded that defendants breached the settlement agreement in several respects. (*See* NYSCEF No. 238 at 16-17 [oral argument transcript on motion to confirm referee report [mot seq 012]]; NYSCEF No. 225 [special referee's report and recommendation].)

[* 1]

In September 2020, plaintiff moved to confirm the special referee's report and recommendation. (*See* NYSCEF No. 222 [notice of motion for mot seq 012].) This court granted the motion in part and denied it in part in an oral decision. (NYSCEF No. 238 at 19.) In relevant part, this court confirmed the portion of the report that held that defendant did not use its "best efforts" to complete the roof work within 60 days of the effective date of the settlement agreement. (NYSCEF No. 238 at 23.) This court determined that the settlement agreement provided the appropriate remedy: "Valentini's obligation to pay maintenance and special assessments will be abated commencing on that date and continuing until the Roof Work is complete." (NYSCEF No. 296 at ¶ 14 [settlement agreement]; *see* NYSCEF No. 238 at 26 [oral argument transcript].)

326 East now claims that plaintiff breached the settlement agreement. It represents that it completed the roof work but that plaintiff has not paid certain amounts she owes in maintenance and assessments. 326 East moves for a judgment on the sums allegedly owed. 326 East also seeks to compel plaintiff to make interior repairs to her apartment to correct outstanding Building Code violations. (NYSCEF No. 291 at 2 [notice of motion].)

## DISCUSSION

### I.   Whether This Action Arises from the Settlement Agreement

Plaintiff contends that the court should deny 326 East's motion. According to plaintiff, that motion seeks to vindicate rights and obligations not found within the terms of the settlement agreement or laid out in the pleadings of this action. (NYSCEF No. 309 at 11.) Alternatively, plaintiff asks the court to construe 326 East's motion as a new complaint under CPLR 103 (c) and direct it to purchase an index number. (*Id.*)

The court is unpersuaded. 326 East does not assert new claims. It seeks to enforce plaintiff's existing obligations under the settlement agreement to pay real-estate taxes and to pay for repair work, interior work, and maintenance fees due once the roof work is complete.

Plaintiff further argues that any obligation to pay unpaid special assessments, special-assessment late fees, and maintenance late fees arises solely from the proprietary lease, not the agreement. But provisions of the agreement incorporate the proprietary lease. For instance, the agreement provides when plaintiff "will be obligated to resume payment of maintenance and any special assessments, in accordance with the terms of the Proprietary Lease." (NYSCEF No. 296 at 5, ¶ 12.) And certain provisions in the alteration agreement—which is attached to the settlement agreement—also incorporate the proprietary lease. (*See id.* at 22-23, ¶¶ 10, 15.)

### II.   Whether 326 East Has Capacity to Bring This Motion

Plaintiff contends that 326 East's motion must be denied because 326 East's board did not vote to bring this motion. (NYSCEF No. 309 at 12.) But plaintiff provides no authority for the proposition that a board vote is required to determine whether a cooperative may continue a lawsuit. Plaintiff cites authority merely on the proposition that *individual directors* may not bring

[* 2]

a suit on behalf of the corporation "against parties who themselves are neither directors nor officers." (*Spanos v Boschen*, 61 AD2d 837, 838 [2d Dept 1978].)

Moreover, defendant asserts that the board (all board members excluding plaintiff) and 326 East's president did authorize this motion. (*See* NYSCEF No. 325 at ¶6; *Family M. Found. Ltd. v Manus*, 71 AD3d 598, 599 [1st Dept 2010] [explaining that a corporation's president has presumptive authority to prosecute an action on corporation's behalf when the suit does not involve 50% of shareholders suing the other 50% and when he is not acting "acting in contravention of a board of director's vote."].) Plaintiff's contention is unavailing.

### III. Whether Plaintiff Must Pay Maintenance and Special Assessments

326 East seeks payment for unpaid maintenance and special assessments, totaling $62,752.14. Under the settlement agreement, plaintiff is not required to pay maintenance and special assessments until the roof work is complete. (*See* NYSCEF No. 296 at 5, ¶ 14 [pdf pagination].) 326 East asserts that plaintiff's temporary payment suspension under the settlement agreement ended when it completed the code-compliant roof work. 326 East relies on a letter of completion from the Department of Buildings (DOB). (NYSCEF No. 307.)

Plaintiff contends that 326 East never finished the roof repair. Plaintiff argues that the completion letter reflects only the contractor's submission of documentation claiming it finished the job to the DOB NOW web portal and that it does not confirm "any inspection or agency determination that the roof is complete or properly to code." (NYSCEF No. 309 at 13-14.) Plaintiff also represents that she can see "daylight through the roof" of her closet. (NYSCEF No. 310 at ¶ 23; NYSCEF No. 320.)

One roof-work requirement is that it must "comply with latest versions of NYC Building Code and NYC Energy Conservation Construction Code." (NYSCEF No. 296 at 14 [Schedule A].) Defendant's letter of completion does not state whether the roof is up-to-code. Nor does defendant submit other evidence—like an inspection or agency determination—confirming that the roof complies with the applicable codes. The court therefore concludes that plaintiff's maintenance and special-assessment payment obligations are still suspended. Plaintiff has not breached the settlement agreement by failing to pay these sums.[1]

### IV. Whether Plaintiff Must Perform Interior Repairs

326 East seeks an order of specific performance directing plaintiff to complete the interior work specified in the agreement. Plaintiff argues that she has not incurred any obligation to perform interior work to her apartment, because the roof work has not been completed. Plaintiff relies on the agreement, which provides that "[a]fter the Roof Work is completed,

---

[1] 326 East further contends that plaintiff waived any objection to the roof work because she declined to retain her own engineer to consult on the repairs. (*See* NYSCEF No. 326.) But that plaintiff was given an opportunity to have her own engineer present does not take away from 326 East's obligation to ensure the roof complies with New York City Building and Energy Conservation Construction Codes. (NYSCEF No. 296 at 14.)

3

Valentini . . . will complete the Interior Work that she deems necessary or desirable." (NYSCEF No. 296 at ¶ 9.)

Although 326 East contends that the roof work is complete, the DOB's letter of completion does not confirm that the roof meets Building Code requirements. Thus, 326 East has now shown that plaintiff's obligation to perform the interior work was triggered. The branch of 326 East's motion for specific performance is denied.

### V.     Whether Plaintiff Must Reimburse Defendant for Work Performed on Her Unit and for DOB/Environmental Control Board (ECB) Penalties

326 East seeks a money judgment for $14,880.55, representing costs incurred in performing repairs to the interior of plaintiff's apartment. It also seeks $20,875.00, representing DOB and Environmental Control Board (ECB) penalties incurred by plaintiff's failure to complete interior work to her unit and give 326 East access to remedy the violations on her behalf. (NYSCEF No. 92 at 6.)

Plaintiff argues that the agreement contains no provision requiring her to reimburse 326 East for repairs done on her behalf. She contends that the agreement gives her control over the extent of interior repairs and a degree of discretion over which repairs she chooses to complete. (NYSCEF No. 309 at 15-16.) In addition, she contends that any obligation on her part to complete the interior work she deems necessary arises only after the roof work is completed. (*See* NYSCEF No. 296 at 4, ¶8; NYSCEF No. 309 at 16.) She asserts that the settlement agreement does not require plaintiff to repay 326 East for work it undertook on its behalf. (NYSCEF No. 309 at 16.)

326 East argues that the settlement agreement gives plaintiff discretion "with respect to the manner of work" in which she makes repairs but that it does not give discretion to refuse to make the repairs. (NYSCEF No. 324 at 9.) Defendant further contends that any "discretion was subordinate to DOB's directives, and, upon issuance of the violations based upon her failure to bring the Apartment into code compliance, she no longer had discretion not to remedy the cited issues." (*Id.*) The court agrees with plaintiff.

Plaintiff was under no obligation to make those repairs. The alteration agreement reflects merely that she obtained 326 East's consent to perform certain interior work, not that she was required to repair. (NYSCEF No. 296 at 21 [pdf pagination].) And the settlement agreement reflects that she will do that work only after the roof work is complete. (*Id.* at 4, ¶8 ["After the Roof Work is completed, Valentini will diligently proceed with and complete the Interior Work that she deems necessary or desirable."].)

Additionally, 326 East asserts that the DOB issued violations due to plaintiff's failure to make repairs to the interior of her unit. But 326 East has not shown that plaintiff was required to make the repairs for which defendant received the DOB violations. Indeed, the DOB issued those charges, in part, due to "inadequate roof protection," (NYSCEF No. 299 at 2), and fixing the roof

[* 4]

was 326 East's responsibility.[2] The court is thus unpersuaded that *plaintiff* must reimburse defendants for DOB fines it incurred.[3]

### VI.    Whether Defendant's Claim for The Exterior Work Claim is Time-Barred

326 East seeks $6,189.54 for work it performed to the exterior of plaintiff's unit. Plaintiff argues that this claim is time-barred because defendant brought it more than six years after the date of the 326 East's invoice, for that amount, to plaintiff. (NYSCEF No. 309 at 10, citing CPLR 213 [2].) 326 East filed this motion in September 2024. The invoice, dated December 2017, states that payment is "due immediately." (NYSCEF No. 300].) 326 East does not oppose plaintiff's statute-of-limitations contention.

Payment on the invoice was due more than six years ago. The branch of plaintiff's motion for a judgment based on the exterior work it performed on plaintiff's unit is denied.

### VII.    Whether Plaintiff Must Pay Real Estate Taxes, for Hallway Work and Emergency Repairs, and Late Fees

326 East seeks a money judgment for real-estate taxes, hallway repairs, and emergency repairs to plaintiff's apartment. 326 East claims that plaintiff owes $11,734.14 in maintenance late fees and $104,920.53 in special-assessment late fees for failure to pay real-estate-tax assessments.

The agreement explicitly provides that plaintiff's temporary suspension of maintenance and special assessments does not apply to special assessments relating repairs to 326 East's hallway, real-estate-tax payments, or repairs relating to a bona fide emergency. (NYSCEF No. 296 at 5-6, at ¶¶ 14, 17, 19, 20.)

Plaintiff does not dispute the charges related to unpaid real-estate tax assessments ($136,041.79) and hallway repairs ($1,903.40).

With respect to emergency repair fees, defendant seeks $1,857.41 for emergency drain clearing and $1,883.13 for emergency repairs to a leaking toilet. Plaintiff does not dispute the draining fee. She argues, however, that the problem with the toilet—which she does not use— arose only after 326 East's contractor used plaintiff's apartment to do roof work. (NYSCEF No. 309 at 6; NYSCEF No. 310 at 3-4.) But this contention is speculative. Plaintiff has not shown that the roof work *caused* her toilet to leak.

---

[2] Moreover, although 326 East says that plaintiff did not provide it access to remedy the conditions, the Office of Administrative Trials and Hearings documents show that 326 East tried to gain access to the premises only after the DOB-issued summonses. (*See* NYSCEF No. 299 at 3, 7 [pdf pagination].)

[3] Accordingly, the court further concludes that, under the alteration agreement, plaintiff accepted responsibility for fees and penalties incurred in making repairs, but only to the extent they arise from the repairs she makes. (*See* NYSCEF No. 296 at 21, ¶¶ 4, 10, 19.)

5

[* 5]

With respect to maintenance late fees, this court concludes that plaintiff does not owe them. Plaintiff's obligation to pay maintenance fees is still suspended, because 326 East has not completed the roof. Defendant may not seek late fees based on maintenance fees never due.

With respect to the real-estate-assessment late fees, defendant argues that those fees are based on plaintiff's failure to pay the real-estate tax assessments. (NYSCEF No. 292 at 7.) Plaintiff disputes the basis for recovering late fees and for basing those late fees on a non-compounding 2% rate. (*See* NYSCEF No. 303.) 326 East argues that the proprietary lease allows it to charge a late fee in the form of interest on the tax assessments. (NYSCEF No. 324 at ¶ 12 [proprietary lease].)

Plaintiff is permitted to charge real-estate-tax late fees. Special assessments appear to form part of plaintiff's cash requirement. (*See* NYSCEF No. 330 at 3 [pdf pagination] [defining cash requirement as money the directors determine to be needed for maintenance, expenses, etc.].) Rent is defined as the proportion of the cash requirement belonging to the tenant. (*Id.* at 2 [pdf pagination].) In turn, paragraph 12 of the lease provides that if plaintiff fails "to pay any installment of rent promptly, the Lessee shall pay interest thereon at the maximum legal rate from the date when such installment shall have become due to the date of the payment thereof, and such interest shall be deemed additional rent hereunder." (NYSCEF No. 330 at ¶12.)

The court agrees with plaintiff, however, that defendant has not provided grounds for the 2% interest rate. Paragraph 12 does not enumerate a 2% interest rate. (*See id.*) 326 East has therefore established plaintiff's liability only for special-assessment late fees—not damages.

The branch of defendant's motion for a judgment for unpaid real-estate taxes and for the hallway work and emergency repairs is granted. The branch of defendant's motion for maintenance late fees is denied. The branch of 326 East's motion for tax-assessment late fees is granted on liability.

### VIII. Whether Plaintiff is Entitled to Offset Damages

Plaintiff contends that her apartment suffered substantial damage due to 326 East and its contractors' actions and that those damages may be used to offset any sums she owes 326 East. (NYSCEF No. 309 at 17.) Plaintiff alleges that the damages stem from the actions of the 326 East and its contractors, who allegedly used plaintiff's electricity and damaged plaintiff's screen door, mural, and a closet during mold remediation. (NYSCEF No. 310 at ¶¶ 11-22.) 326 East relies on the proprietary lease, arguing that plaintiff's failures to pay rent and additional rent are not subject to offset.

The court agrees with defendant. The lease defines rent as "proportion of the lessor's cash requirement for such year, or portion of a year." (NYSCEF No. 330 at 2 [pdf pagination] [lease].) The lease defines "cash requirements" as the "estimate amount in cash which the Directors shall from time to time in its judgment determine to be necessary or proper" to maintain the corporate property and pay off obligations or expenses incurred. (*Id.* at 3.) The lease further provides that "[t]he Lessee will pay the rent to the Lessor upon the terms and at the times

6

[* 6]

herein provided, without any deduction on account of any set-off or claim which the Lessee may have against the Lessor." (*Id.* at 7, ¶ 12.)

The payments plaintiff owes defendants include unpaid real-estate taxes and for hallway work and emergency repairs (*see supra* Part VII). These constitute sums that 326 East has determined are necessary for maintaining the property. They are unpaid rent for which lessee may not deduct a set-off. Plaintiff's request to set off the amount she owes defendant with the amount of her alleged damages is denied.

### IX.    Whether 326 East is Entitled to Costs, Disbursements, Expenses, and Punitive Damages

326 East seeks costs, disbursements, and expenses (including reasonable attorney fees) and punitive damages from plaintiff. Plaintiff does not oppose this request. This branch of 326 East's motion is granted in part and denied in part.

The settlement agreement provides that "[i]n the event of any litigation arising from the breach of this Agreement the prevailing party shall be entitled to recover from the non-prevailing party all reasonable costs incurred including costs, disbursements, attorneys' fees, and all other related expenses incurred in such litigation." (NYSCEF No. 296 at 9, ¶ 39 [pdf pagination].) Defendant has therefore shown its entitlement to costs, disbursements, and expenses (including attorney fees). However, defendant has put forth no justification for punitive damages.

The branch of 326 East's motion for costs, disbursements, and expenses (including attorney fees) is granted. The branch of 326 East's motion for punitive damages is denied.

Accordingly, it is

ORDERED that the branch of 326 East's motion for a judgment based on sums accrued in maintenance and special assessments is denied; and it is further

ORDERED that the branch of 326 East's motion for specific performance on interior repairs is denied; and it is further

ORDERED that the branch of 326 East's motion for a judgment to reimburse 326 East for work it performed on her unit is denied; and it is further

ORDERED that the branch of 326 East's motion for reimbursement of DOB/ECBS penalties is denied; and it is further

ORDERED that the branch of 326 East's motion for a judgment based on the exterior work it performed on plaintiff's unit is denied; and it is further

ORDERED that the branch of 326 East's motion a judgment based on unpaid real-estate taxes, hallway repair work emergency repairs is granted, and defendant is awarded a judgment of

7

[* 7]

$141.685.73, plus costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the branch of 326 East's motion for maintenance late fees is denied; and it is further

ORDERED that the branch of 326 East's motion for a judgment for special assessment late fees based on unpaid real-estate taxes is granted on liability only, and otherwise denied; and it is further

ORDERED that the branch of 326 East's motion for expenses, namely attorney fees is granted; with the amount of those fees to be determined by motion made on notice made within 30 days of entry of this order; and it is further

ORDERED that plaintiff serve a copy of this order with notice of its entry on defendant and on the office of the County Clerk (using the NYSCEF document type "Notice to the County Clerk - CPLR § 8019 (c)"), which shall enter judgment accordingly.

| | | |
|---|---|---|
| **8/20/2025** | | HON. GERALD LEBOVITS |
| **DATE** | | J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

8

[* 8]